```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                AT CHARLESTON
```

**KEVIN B. MCCOY,**

    **Plaintiff,**

v.                                    Civil Action No. 2:11-00308

**PATRICK R. DONAHUE,**
Postmaster General,
United States Postal
Service, Agency,

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending is defendant's motion for a stay in advance of a ruling on his motion to dismiss, filed July 14, 2011.

### I.

Plaintiff instituted this civil action on May 4, 2011, asserting claims against his employer, the United States Postal Service as represented by defendant, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 <u>et seq.</u>, the Rehabilitation Act of 1973, 29 U.S.C. § 701 <u>et seq.</u>, and the Federal Civil Rights Act, 42 U.S.C. § 1983.  On July 7, 2011, defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  Specifically, defendant contends that the court lacks jurisdiction over plaintiff's complaint and that, in any event, the complaint fails to state a

claim upon which relief may be granted.

On July 8, 2011, the court's order and notice was entered.  Six days later, on July 14, 2011, defendant filed the instant motion to stay the discovery and scheduling deadlines contained in the order and notice pending a ruling on his motion to dismiss.  By way of order entered August 1, 2011, the court directed plaintiff to respond to defendant's motion to stay no later than August 8, 2011, and warned that failure to so respond may result in the court deeming defendant's motion unopposed.  Plaintiff has not responded to the motion to stay, and the court now deems it unopposed.

II.

Federal Rule of Civil Procedure 26(c) provides pertinently as follows:

> Upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, including one or more of the following: (1) that the . . . discovery not be had . . . . [or] (2) that the disclosure or discovery may be had only on specified terms and conditions . . . .

Fed. R. Civ. P. 26(c).  The Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion.  See Thigpen v. United States, 800 F.2d 393, 396-97 (4th

2

Cir. 1986) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion to control this discovery process . . . ."). The decision concerning a stay request is guided by a number of factors, including, <u>inter alia</u>, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations; the nature and complexity of the action; and the posture or stage of the litigation.  See <u>Hachette Distrib., Inc. v. Hudson Cnty. News Co.</u>, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

The motion to dismiss raises potentially dispositive legal issues, the resolution of which may obviate the need for or limit discovery in this case.  Having considered the applicable factors, the court ORDERS that defendant's motion for a stay pending resolution of the motion to dismiss be, and it hereby is, granted.  It is further ORDERED that this action be, and it hereby is, stayed pending the further order of the court, with the exception of the briefing on the motion to dismiss.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: August 12, 2011

_____
John T. Copenhaver, Jr.
United States District Judge

3