```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

KEVIN B. MCCOY,

    Plaintiff,

v.                                 Civil Action No. 2:11-cv-00308

PATRICK R. DONAHUE,
Postmaster General,
UNITED STATES POSTAL SERVICE,
Agency,

    Defendants,

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion to dismiss, filed July 7, 2011.[1]

### I.  Background

Plaintiff Kevin McCoy instituted this civil action against his employer, the United States Postal Service (the "Postal Service"), and Patrick Donahue, the Postmaster General, on May 4, 2011.  The crux of McCoy's claims appears to be that he was forced, by threat of dismissal, to transfer from a "permanent rehabilitation position" to a new position with a change in hours, responsibility,

---

[1] The stay imposed by order of the court on August 12, 2011, shall remain in place pending the further order of the court.

and title.  McCoy also seems to allege various other instances and forms of harassment and discrimination on the part of the defendants.

Though the allegations in McCoy's complaint are somewhat disorganized, the following allegations of fact are apparent.  In 1995, McCoy sustained an on-the-job injury for which two surgeries were eventually required in August and October 2000.  In 2001, pursuant to an "EEO settlement,"[2] the Postal Service created for McCoy a "permanent rehabilitation position and office processing passports" in the Charleston, West Virginia, post office.  (Compl. ¶ 7).  Subsequently, in 2003 and 2006, plaintiff suffered "recurrence injur[ies]" to his right elbow, each of which required surgical treatment.  (Id. at ¶¶ 10, 11).  Following these surgeries, the last of which occurred in March 2007, McCoy's physician ordered that he undergo 6 to 8 weeks of physical therapy.  Upon his subsequent return to work, he was presented with a new position and informed that his old job "no longer exist[ed]."  (Id. at ¶ 13).  McCoy was told that he would be terminated if he did not immediately agree to take the new position.  Under "threat and duress," he accepted the offer.  (Id. at ¶ 16).

---

[2] Presumably, McCoy refers to a settlement following a claim to the Equal Employment Opportunity Commission.  Although the "EEO Settlement" seems to figure prominently into McCoy's claims, the complaint offers no further details on the nature of the settlement or the claim that may have preceded it.

It is difficult to discern the precise nature of McCoy's legal claims. While the complaint presents some facts and some legal conclusions, McCoy fails to bring the two together in a recognizable fashion. In invoking the court's jurisdiction, McCoy cites three federal statutes: (1) "the Rehabilitation Act of 1973, as amended, 29 U.S.C. Sec. 791, et seq.," (2) "the Age Discrimination Act [sic] of 1967, as amended, 29 U.S.C. Sec. 621, et seq.," and (3) "the Civil Rights Act, as amended, 42 U.S.C. Sec. 1983, et seq." However, McCoy fails to set forth the claims arising under those statutes in separately numbered counts. Instead, to the extent that claims are set forth at all, they are embedded within the stream of allegations that form the complaint. In paragraphs 18 and 19, McCoy states that:

> 18. Defendant's [sic] actions on July 13, 2007 [the day plaintiff was forced to transfer] violated Plaintiff's rights to continue Workers' Compensation benefits without being afforded due process on a suitability determination by the US Department of Labor of diminished position.
>
> 19. Defendant's [sic] repeated and ongoing refusal to return Plaintiff to his prior position, with necessary accommodations, is a violation of the Rehabilitation Act.

(Compl. ¶¶ 18, 19). In addition, McCoy makes certain factual allegations for which the relevance to his expressed claims (at least in the absence of more information) is unknown. Finally, the reader is left guessing as to the relationship between McCoy's scattered claims and the relief he requests. Taking the generous view, the court construes McCoy's complaint as alleging: (1) a civil rights claim against the Postmaster General for violation of his

3

constitutional right to due process, (2) a claim for relief under the Age Discrimination in Employment Act, and (3) a claim for relief under the Rehabilitation Act.[3]

Defendants now move to dismiss McCoy's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6). With respect to the claims construed by the court, defendants contend that (1) the court lacks subject-matter jurisdiction over McCoy's claim under section 1983 inasmuch as the Postmaster General is exempt from liability under that statute as a matter of law, and (2) McCoy has failed to plead sufficient factual matter to give rise to a claim for relief under either the Age Discrimination in Employment Act or the Rehabilitation Act.[4]

---

[3] If a complaint only "vaguely identif[ies] potential legal issues" or "present[s] obscure or extravagant claims defying the most concerted efforts to unravel them," then district courts are not "requir[ed] to conjure up questions never squarely presented to them. District judges are not mind readers . . . . [T]hey cannot be expected to construct full blown claims from sentence fragments." Beaudett v. Hampton, 775 F.2d 1274, 1276, 1277-78 (4th Cir. 1985).

Potential claims that McCoy has only "vaguely identif[ied]" are addressed infra, part II.B.4.

[4] McCoy's response to the motion to dismiss does little to clarify his vague claims or to respond to defendants' arguments. In it, he fails to mention any of the federal statutes named in the complaint, while alleging new facts and circumstances not found anywhere in the record. For the first time, in his responsive memorandum, McCoy makes reference to: (1) his "FECA claims," and a purported "exception to the prohibition on judicial review" of such claims; (2) a certain "McKown," whose position and relevance to
(cont.)

II.

A. Governing Standards

1. Rule 12(b)(1) Lack of Subject-Matter Jurisdiction

Federal district courts are courts of limited subject-matter jurisdiction, possessing "only the jurisdiction authorized them by the United States Constitution and by federal statute." United States ex. rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2008). As such, "there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 327 (1895)). Indeed, when the existence of subject-matter jurisdiction is challenged under Rule 12(b)(1), "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also Richmond, Fredericksburg, & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). If subject-matter jurisdiction

---

McCoy's claims is unknown; (3) the fact that "McKown" "had knowledge that McCoy intended to refuse to accept or reject the [Postal Service's] offer"; and (4) the statement, without further explanation, that "if McCoy at the June 2007 meeting had rejected the offer he could have been subject to investigation or fraud." (Pl.'s Resp. 1-2)

5

is lacking, the claim must be dismissed.  See <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 506 (2006).

   2.  Rule 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), <u>overruled on other grounds</u>, <u>Twombly</u>, 550 U.S. at 563); <u>see also</u> <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570); <u>see also</u> <u>Monroe v. City of Charlottesville</u>, 579 F.3d 380, 386 (4th Cir. 2009).

6

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'"  Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

B.  Motion to Dismiss

  1.  Section 1983 Claim

For the reasons discussed above, the court construes McCoy's complaint to include a claim for relief against the Postmaster General under 42 U.S.C. § 1983, in connection with the Postmaster General's alleged violation of McCoy's due process rights.  Although it is not entirely clear which specific allegations McCoy intends to support this claim, defendants' motion can nonetheless be resolved as a matter of law.

Section 1983 creates a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States.  42 U.S.C. § 1983; see

7

Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). Section 1983 liability attaches only to those "who carry a badge of authority of a State and represent it in some capacity." NCAA v. Tarkanian, 488 U.S. 179, 191 (1988). Consequently, section 1983 has no application to the federal government or its officers.[5] See Wheeldin v. Wheeler, 373 U.S. 647 (1963); see also Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (section 1983 "does not apply to federal actors").

As defendants point out, there can be no question that the actions of the Postal Service and the Postmaster General are taken under color of federal law alone. Congress has defined the Postal Service as "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. Accordingly, McCoy's complaint fails to state a claim upon which relief can be granted under section 1983, and must be dismissed.[6]

---

[5] Unless, as McCoy has not alleged, the federal officers have acted in concert with state or local government officers to violate the Constitution or the laws of the United States. See Dombrowski v. Eastland, 387 U.S. 82 (1967).

[6] Defendants also move to dismiss McCoy's section 1983 claims for lack of jurisdiction pursuant to Rule 12(b)(1). Inasmuch as section 1983 is not a jurisdictional statute, but rather creates a federal cause of action which is dependent on either 28 U.S.C. § 1331 or 28 U.S.C. § 1343(3) for jurisdiction, the question of whether a federal actor is liable under section 1983 is properly resolved under Rule 12(b)(6). See, e.g., Tinch v. United States, 189 F.Supp.2d 313, 318-19 (D. Md. 2002) (dismissing section 1983 claim against federal (cont.)

2. Rehabilitation Act Claim

McCoy alleges that "[d]efendant's [sic] repeated and ongoing refusal to return Plaintiff to his prior position, with necessary accommodations, is a violation of the Rehabilitation Act." (Compl. ¶ 19). He further avers that the new position he was offered was "not substantially the same as his previous position, based upon location, change in hours, reduced responsibility and change in title," but offers no further details regarding the actual nature of the new position. (Id. at ¶ 13).

In order to state a claim under the Rehabilitation Act, a plaintiff must plead, inter alia, that he was subjected to an adverse employment action. Ennis v. National Ass'n of Business and Educational Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995). The question of whether a particular action taken by an employer against an employee is sufficiently grave as to constitute an "adverse employment action" has been widely litigated. The United States Supreme Court has defined an adverse employment action as "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742,

---

actors under Rule 12(b)(6)); see also Erwin Chemerinsky, Federal Jurisdiction 480 (5th ed. 2007).

761 (1998). But a mere "bruised ego" is not enough, and neither is a demotion or "inconvenient" reassignment without a change in pay, benefits, duties, or prestige." Id. (collecting cases). The Fourth Circuit has made it clear that a transfer to a new position alone does not constitute an adverse employment action:

> The mere fact that a new job assignment is less appealing to the employee . . . does not constitute adverse employment action . . . . Absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position."

James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 376 (4th Cir. 2004) (citations and quotations omitted).

McCoy bases his Rehabilitation Act claim on the fact that he was forced to accept a transfer to a new position that was "not substantially the same" as his old job, but as the courts have made clear, that alone is insufficient.[7] McCoy does not allege that his pay was reduced, his benefits lessened, or his prestige diminished under the new position. He asserts simply that his job title "changed," but not whether the change was positive, negative, or neutral. Finally, although he claims that the new position resulted

---

[7] It is clear that McCoy felt that he was entitled to retain his "permanent rehabilitation position" under the terms of the "EEO Settlement," but even if that is so, it is a different question than whether the transfer was an adverse employment action for the purposes of the Rehabilitation Act.

10

in some degree of "reduced responsibility," he provides no allegations that could support the conclusion that the transfer resulted in <u>significantly</u> different responsibilities, as the Supreme Court has required.

Instead, as fashioned, McCoy's claim is illustrative of the sort of "inconvenient" reassignment to a "less appealing" position that does not constitute an adverse employment action.  <u>See</u> <u>Burlington Industries</u>, 118 S. Ct. at 2268; <u>James</u>, 368 F.3d at 376.  Aside from the references to reduced responsibility and change of title, McCoy's complaint wholly fails to state a claim upon which relief can be granted under the Rehabilitation Act.  Rather than dismissing this claim, however, the court will defer its ruling pending the filing of an amended complaint in accordance with the court's directives, <u>infra</u> part III.

3. Age Discrimination in Employment Act Claim

Although reference to the age discrimination statute appears only in the complaint's jurisdictional statement, the court also construes McCoy's complaint as an attempt to state a claim for relief under the Age Discrimination in Employment Act.  (<u>See</u> Compl. ¶ 3).  In order to state a claim for age discrimination, a plaintiff must plead, <u>inter alia</u>, that he is a member of the protected class

(i.e., that he is at least 40 years of age) who suffered an adverse employment action.  Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006).

For the reasons discussed above with respect to the Rehabilitation Act claim, it is not adequately alleged that McCoy was subjected to an adverse employment action.  Further, the complaint contains no averments that address McCoy's age; thus the court cannot conclude that McCoy is a member of the protected class.  Accordingly, McCoy has failed to state a claim upon which relief can be granted under the Age Discrimination in Employment Act.  Nonetheless, as before, plaintiff may re-plead this claim through his amended complaint.

4. Remaining Claims

The court recognizes that McCoy's threadbare complaint touches on a number of potential legal claims which are only "vaguely identif[ied]."[8]  See Beaudett v. City of Hampton, 775 F.2d 1274, 1276 (4th Cir. 1985).  When this is the case, "district courts cannot be

---

[8] Notably, McCoy's response to defendants' motion to dismiss seems to indicate that he is attempting to seek some form of judicial review over his "FECA claims," although it is likely that this court lacks jurisdiction to entertain such a suit.  (See Def.'s Mem. 5-7). In addition, McCoy may also have attempted to assert independent claims for harassment (See Compl. ¶ 22) or retaliation in response to his exercise of first amendment rights (See id. at ¶ 21).

required to conjure up and decide issues never fairly presented to them."  Id.

This problem might have been avoided through diligent adherence to the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563).  In addition, Rule 10(b) provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. Civ. P. 10(b).  As one circuit court of appeals has explained, Rules 8 and 10

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082-83 (11th Cir. 1996).

It would be within the court's discretion to refuse to consider McCoy's undeveloped claims. Beaudett, 775 F.2d at 1279. However, under these circumstances, it is more desirable to allow McCoy a chance at re-pleading these claims, if possible, in conformity with Rule 8, Rule 10(b), and the court's instructions below.

### III.

In light of the foregoing, the court ORDERS as follows:

1. That defendants' motion to dismiss, to the extent that it seeks dismissal with prejudice of McCoy's claims under 42 U.S.C. § 1983, be, and it hereby is, granted.
2. That in all other respects disposition of defendants' motion to dismiss be, and it hereby is, deferred pending the filing of an amended complaint within thirty days of this date as set forth below.
3. That with respect to his claims other than section 1983, McCoy be, and hereby is, directed to file an amended complaint within thirty days of this date, in a pleading consistent with Twombly and its progeny. To promote clarity, the amended complaint shall state each cause of action in a separate count. Fed. R. Civ. P 10(b). Each count shall include a short and plain statement providing "fair notice of what the

. . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 545, along with a demand for the relief sought, Fed. R. Civ. P. 8(a)(3). The claims raised in the amended complaint shall be limited to those mentioned in the original complaint. Pursuant to Rule 15(a)(3), defendants shall have 14 days after the filing of the amended complaint to frame a response.

The Clerk is directed to forward copies of this written opinion and order to counsel of record and any unrepresented parties.

ENTER: March 19, 2012

John T. Copenhaver, Jr.
United States District Judge